UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 05-50117-01 |
| versus | JUDGE HICKS |
| MEALVINE MELODY WALKER | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Before the court is Defendant's **Motion to Dismiss Indictment (Doc. 35)** alleging that the conduct of the Government's agents in this case was so outrageous that due process should bar the Government from invoking the judicial process to obtain a conviction. Defendant further argues that she had an agreement with the Government not to prosecute her if she assisted with drug investigations. According to Defendant's motion, she assisted the Government, but the Government nonetheless instituted this prosecution.

An evidentiary hearing was not held on the motion to dismiss. Instead, the parties agreed to submit Defendant's motion to dismiss based on the testimony from the April 11, 2006 hearing on Defendant's motion to suppress and on a set of Stipulated Facts (Doc. 41). For the reasons that follow, it is recommended that Defendant's Motion to Dismiss Indictment be denied.

**Relevant Facts**

The facts regarding the search of Defendant's vehicle and the statements made by Defendant are set forth in a prior Report and Recommendation (Doc. 24). Only the facts pertinent to the pending motion to dismiss are summarized below.

Following a tip from a confidential informant that Defendant was selling cocaine from her vehicle at a particular intersection in Shreveport, members of the Shreveport Police Department approached Defendant on January 5, 2005. Defendant consented to a search of her vehicle, and she told the officers there was cocaine and a gun in her purse on the floorboard of the vehicle. A search of Defendant's purse revealed a loaded pistol and two plastic bags containing individually packaged rocks of crack cocaine.

When Defendant expressed a willingness to cooperate with the police, a plan was devised for the police to surreptitiously remove the drugs and gun so that on-lookers would not know that Defendant had agreed to cooperate. Tr. 12-17. Defendant told the officers that, if the people in the vicinity knew what the officers had found, and if they saw that Defendant was not arrested, then she would not be able to assist them. Tr. 12. The officers told Defendant that, if she cooperated, her cooperation would be brought to the attention of the district attorney or federal prosecutor. Tr. 16. Defendant was well known to the officers; she had cooperated with them before.

Following the January 5, 2005 encounter, Defendant cooperated with the officers on two occasions: January 12 and February 24, 2005. Stipulated Facts, ¶ 2. On those dates,

Defendant assisted police with respect to an individual named Marcus Paul. Defendant completed one buy of 28.2 grams of crack cocaine, and she set up a second buy of 32.6 grams of crack cocaine. Stipulated Facts, ¶ 2. Paul was arrested on February 24, 2005. Stipulated Facts, ¶ 3. Following his arrest, Paul assisted officers in yet another case, completing a purchase of 30.9 grams of crack cocaine. Id. Paul was not prosecuted based on his arrest on February 24, 2005. Stipulated Facts, ¶ 4.

The facts show that Defendant did begin to provide some assistance following the January 5, 2005 encounter. Tr. 16, 54; Stipulated Facts, ¶ 2. However, Defendant's cooperation ceased. She stopped answering her phone, and the police could not locate her. Tr. 36. She was later indicted by a federal grand jury and charged with possession with intent to distribute crack cocaine, possession of a firearm in relation to drug trafficking, and possession of a firearm by a convicted felon, all of which relate to Defendant's January 5, 2005 encounter with the police.

**Non-Prosecution Agreement**

The evidence establishes that Defendant entered into an informal cooperation agreement with the police to avoid being arrested on January 5, 2005. Defendant did, in fact, cooperate with the police on two occasions. Stipulated Facts, ¶ 2. However, there is no evidence that the police agreed not to prosecute Defendant. They agreed simply to not arrest her on January 5, 2005, and to bring her cooperation to the attention of the state or federal prosecutors. Notwithstanding Defendant's proffered testimony that a promise was made to

her (Stipulated Facts, ¶ 1), the evidence is clear that she was not promised anything. Tr.17, 42, 55. The fact that Defendant cooperated on previous occasions and was not arrested (Stipulated Facts, ¶ 1) does not prove the existence of a non-prosecution agreement in this instance.

**Outrageous Government Conduct**

Government's misconduct does not mandate dismissal of an indictment unless it is so outrageous that it violates the principle of fundamental fairness under the Due Process Clause of the Fifth Amendment. United States v. Gutierrez, 343 F.3d 415, 421 (5th Cir. 2003). As such, dismissal of indictment for outrageous government conduct is proper only in the rarest circumstances. Id. Accordingly, a defendant claiming outrageous conduct bears an extremely high burden of proof, and must demonstrate, in light of the totality of the circumstances, both substantial government involvement in the offense and a passive role by the defendant. Id. The requirement that a defendant play only a passive role means that a defendant who actively participates in the crime may not avail herself of the defense. Id.

Defendant has not met her high burden of proof of outrageous government conduct. Defendant was indicted only for the gun possession and drug trafficking activities that relate to her encounter with the police on January 5, 2005. She has not been charged in this court with the two subsequent transactions involving Marcus Paul. Thus, with regard to the actual charges for which Defendant has been indicted in this court, Defendant has not met her burden of showing, in light of the totality of the circumstances, that the Government had a

substantial involvement in the charged offenses and that she had only a passive role in those offenses. Because Defendant actively participated in the events on January 5, 2005, she may not avail herself of the outrageous government conduct defense. United States v. Arteaga, 807 F.2d 424, 427 (5th Cir. 1986).

**Conclusion**

The facts do not support Defendant's contentions of the existence of a non-prosecution agreement or outrageous government conduct. Instead, the facts show that Defendant agreed to cooperate with future investigations to avoid being arrested on January 5, 2005. While Defendant did cooperate to some extent, her cooperation ceased, and the charges arising out of the January 5, 2005 incident were brought. There is no indication before the court that charges have been brought against Defendant in any jurisdiction arising out of the drug transactions which she participated in or facilitated while cooperating with the police. Therefore, there is no basis upon which to dismiss the indictment.

Accordingly;

**IT IS RECOMMENDED** that **Defendant's Motion to Dismiss Indictment (Doc. 35)** be **denied.**

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Cr. P. 59(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Cr. P. 59(b)(2).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 15th day of September, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE