**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 05-50117-01 |
| VERSUS | CIVIL ACTION NO. 08-1729 |
| MEALVINE MELODY WALKER | JUDGE S. MAURICE HICKS, JR. |

## MEMORANDUM RULING

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 66) filed by the Petitioner, Mealvine Melody Walker ("Walker"). Walker seeks correction of her Criminal History Category from II to I and to be resentenced under Criminal History Category I. See id. at 13. Alternatively, she asks the Court to dismiss her case. See id. For the reasons set forth below, Walker's motion is **DENIED**.

## BACKGROUND

Relying upon "a reliable confidential informant," law enforcement officers were informed that Walker was selling drugs in "a high drug-trafficking area." Record Document 70 at 2-3. The officers located Walker in this area and temporarily detained her. See id. The officers searched Walker's car and found two plastic bags of crack cocaine and a gun. See id. at 3. These items were found in Walker's purse. See id.

On December 14, 2005, a federal grand jury returned a four-count indictment against Walker. Count One charged her with possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count Two charged her with possession of a firearm in

relation to drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). Count Three charged her with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] Count Four was a forfeiture count. See Record Document 1.

On January 30, 2006, Walker filed a motion to suppress. See Record Document 12. On April 27, 2006, after an evidentiary hearing and post-hearing briefing, the United States Magistrate Judge issued a Report and Recommendation suggesting that the motion to suppress be denied. See Record Document 24. On June 12, 2006, after considering all of the defense objections to the Report and Recommendation, the district court denied the motion to suppress. See Record Document 36.

On June 12, 2006, Walker filed a motion to dismiss the indictment. See Record Document 35. On October 6, 2006, after considering a Report and Recommendation filed by the Magistrate Judge and the objections thereto, the district court denied the motion to dismiss the indictment. See Record Document 45.

On October 19, 2006, Walker pleaded guilty to Counts One and Two of the indictment. See Record Document 47. On January 29, 2007, Walker was sentenced to 72 months imprisonment as to Count One and 60 months imprisonment as to Count Two. The terms of imprisonment are to run consecutively with each other. See Record Documents 49 and 50. On November 8, 2007, the United States Court of Appeals for the Fifth Circuit affirmed Walker's conviction. See Record Document 59. The judgment was issued as a mandate on November 30, 2007. See id.

On October 14, 2008, this Court entered an Order Regarding Motion for Sentence

---

[1] Count Three was dismissed pursuant to the Plea Agreement. See Record Document 47.

Reduction Pursuant to 18 U.S.C. § 3582(c)(2). See Record Document 65. Walker's sentence as to Count One was reduced from 72 months to 60 months. See id.

On November 17, 2008, Walker filed the instant Section 2255 motion. See Record Document 66. She argues that her Criminal History Category was incorrectly calculated, resulting in an excessive sentence.

## LAW AND ANALYSIS

### I.    Claims Not Cognizable Under 28 U.S.C. § 2255.

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time

on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Id. at 168. To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of justice" that would result in the continued incarceration of an innocent person.[2] Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

Walker has not shown that her claim is constitutional or jurisdictional in nature. In fact, the Vaughn court held that a claim regarding the application of Federal Sentencing Guidelines "is not cognizable under the limited scope of relief available under [Section 2255] because it is not of constitutional dimension." Vaughn, 955 F.2d at 368.

Additionally, even if her claim was constitutional or jurisdictional in nature, Walker has not established a satisfactory "cause" for her failure to raise this issue on direct appeal.

---

[2]To establish "actual innocence" in a case where the petitioner entered a plea of guilty, he must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998), citing Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 867-68, 130 L.Ed.2d 808 (1995).

In her motion, she claims that she did not raise the issue on direct appeal because she "did not know until recently when I seen [sic] my [Presentence Investigation Report]." Record Document 66 at 4. The Presentence Investigation Report ("PSI") was available to Walker on or about January 11, 2007 (Addendum to PSI), over two weeks prior to her sentencing hearing on January 29, 2007. See Record Documents 49 and 50. More importantly, there was much discussion of the Criminal History Category calculation at the sentencing hearing. See Sentencing Transcript at 2-3. The undersigned stated at least twice that the PSI reflected a Criminal History Category of II. See id. Thus, Walker had adequate notice of her Criminal History Category calculation, and there was no external impediment preventing her from raising the issue on direct appeal. Thus, in failing to raise the alleged miscalculation on appeal, Walker has procedurally defaulted the claim.[3]

## II. Alleged Miscalculation of Criminal History Category.

Even if the Court assumes that Walker's argument concerning the Criminal History Category calculation is not procedurally defaulted, her contentions are meritless. Walker maintains that her Criminal History Category should have been I rather than II. The PSI set forth two prior convictions: a 1991 state court conviction for resisting an officer and a 1999 state court conviction for possession of crack cocaine. See PSI at ¶¶ 27-32.[4]

---

[3] A review of the petition reveals that Walker has made no claim of actual innocence. Likewise, the record simply does not support a finding of actual innocence.

[4] Walker's sentence for the resisting an officer conviction was 15 days jail plus court costs and 30 days jail, all suspended. See PSI at ¶ 27. She was also placed on two years unsupervised probation. See id.
Walker's sentence for the possession of crack cocaine conviction was court costs or 25 days in jail, and 5 years hard labor, all suspended. See PSI at ¶ 30. She was also placed on two years supervised probation. See PSI at ¶ 27.

Pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1(c), Walker was assessed one criminal history point for each of these convictions/prior sentences, for a total of two criminal history points. See id., citing U.S.S.G. §§ 4A1.1(c) and 4A1.2(c)(1)(A). Neither of the aforementioned convictions are listed in the exclusions set forth in U.S.S.G. § 4A1.1, comments (appl. n. 3). Moreover, the conviction for resisting an officer was properly counted under U.S.S.G. § 4A1.2(c)(1)(A). Section 4A1.2(c)(1)(A) provides:

> (c) Sentences for all felony convictions are counted. Sentences for misdemeanors and petty offenses are counted, except as follows:
>
> (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days . . .
>
> . . .
>
> Resisting arrest
>
> . . .

U.S.S.G. § 4A1.2(c)(1)(A). Based on the plain language of Section 4A1.2(c)(1)(A), Walker's conviction for resisting an officer was proper for inclusion in the Criminal History Category calculation because she was placed on two years unsupervised probation. The sentencing guidelines in this case were correctly applied.

## CONCLUSION

The Court finds that Walker's claims concerning the alleged miscalculation of her Criminal History Category are procedurally barred. Notwithstanding, her contentions have no merit, as the United States Sentencing Guidelines were correctly applied in this matter. Accordingly, Walker's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 66) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. No arguments by the parties are necessary in this instance.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of May, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE